UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI LIU,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE (USPS), et al.,<br><br>        Defendants. | Case No. 15-cv-03734-JD<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 15 |

On July 17, 2015, pro se plaintiff Yi Liu (dba) Technext020 filed a small claims complaint against the "United States Postal Service (USPS) (Agent: Jason Kirrane)." Dkt. No. 1-1 at 2. The case was removed to this Court on August 17, 2015. Dkt. No. 1. On August 24, 2015, the United States and the United States Postal Service filed a motion to dismiss the complaint. Dkt. No. 8. Because Ms. Liu did not file any opposition to defendants' motion (within the time permitted under Civil Local Rule 7-3(a) or otherwise), the Court ordered Ms. Liu to show cause by October 26, 2015, why the motion to dismiss should not be granted and the case dismissed for failure to prosecute.

The October 26 deadline has come and gone without a response. The Court therefore dismisses the action with prejudice for failure to prosecute.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Liu has failed to file a response to defendants' motion to dismiss as required by the Local Rules and by court order, despite having been warned that the case might be dismissed as a result for failure to prosecute. *See* Dkt. No. 15.

With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, having filed nothing at all since the case was removed, Liu has offered no explanation for her failure to respond to defendants' motion to dismiss or the Court's order to show cause. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Liu with additional notice of the pending motion to dismiss, as well as additional time to respond to the merits of that motion. *See* Dkt. No. 15. The Court's issuance of the Order to Show Cause satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262.

Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

//

//

**CONCLUSION**

Because four of the five relevant factors weigh in favor of granting defendants' unopposed motion to dismiss, the Court grants that motion and dismisses this case in its entirety with prejudice. The clerk will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: October 30, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YI LIU,

        Plaintiff,

  v.

UNITED STATES POSTAL SERVICE (USPS), et al.,

        Defendants.

Case No.  15-cv-03734-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yi  Liu
144 Crestwood Avenue
Apt 1
Daly City, CA 94015

Dated: October 30, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4